## CLARK COUNTY BANK VS. CHRISTIE.

*September 2 — September 23, 1884.*

*(1) Appeal to S. C.: Question ignored on trial not determined. (2) Instruction to jury as to payment construed.*

1. The trial court having failed to determine the question whether certain testimony tended to show an accord and satisfaction of the note in suit, and such testimony having been ignored by both court and counsel at the trial, this court will not determine that question on an appeal by the plaintiff.
2. In an action by a bank on a promissory note, the court instructed the jury that the question whether the note had been paid " seems to hinge mainly, and perhaps entirely," upon the question whether the defendant had overdrawn his account with the bank at the time of a certain payment; and that "it would seem that if he had no overdrawn bank account at that time, then this note has been paid, but if there was in fact an overdrawn bank account, then it has not, so at least some part of it would remain unpaid, and that is the question for you to determine on all the evidence in the case." *Held,* that such instruction was equivalent to a positive instruction that if the defendant's bank account was not then overdrawn the note was paid, and — it appearing that the amount paid was insufficient, in either case, to pay the note in full — was erroneous.

APPEAL from the Circuit Court for *Clark* County.

The action was originally brought to recover the amount claimed to be due on two promissory notes of the defendant, held by the plaintiff bank. One of these was for $1,000, on which a payment of $141.44 was admitted, and the other was for $330. After the action was commenced, the parties

agreed that the $141.44, which was indorsed on the $1,000 note, should be applied upon the $330 note instead, which was done, and the defendant paid the balance of that note. Thus the $330 note and the admission of the payment of $141.44 on the other note dropped out of the case, and the complaint was amended accordingly.

The defendant answered: (1) Payment. (2) The recovery of a judgment against him by the plaintiff on the note in suit. It appeared on the trial, and is conceded by counsel for defendant, that although plaintiff had theretofore recovered a judgment against the defendant, which included the amount of a certain $1,000 note of the latter, it was not the note in suit. Hence the second defense disappears from the case, leaving only for consideration the defense of payment.

The note in suit bears date August 6, 1878, and by its terms was payable ninety days after date. In December of the same year defendant executed to the plaintiff a mortgage on certain personal property, as collateral security for a debt he owed the plaintiff, represented by the note in suit, and another note for $656 which the bank held against him. From this security the bank realized about $107.

In 1879 the defendant assigned to one Archer, then the president of the plaintiff bank, twenty-seven shares of the capital stock of the bank. This assignment was made pursuant to negotiations by the defendant with Mr. Archer, the president, and Mr. Ring, the attorney and a director of the bank, concerning the indebtedness of the defendant to the bank. The testimony of the defendant is to the effect that the above-named officers of the bank agreed to accept such assignment in full satisfaction of his indebtedness to the bank. The testimony on behalf of the plaintiff is that the stock was sold and assigned to Archer for the agreed price of fifty cents on the dollar of its par value; that is, for $1,350, which sum Archer agreed to pay, and did pay, to

the bank on such indebtedness of the defendant; that there was no specific agreement or direction as to how the proceeds should be applied; that in addition to the two notes for $1,000 and $656, respectively, the defendant was indebted to the bank on account of an overdraft of about $600; and that the proceeds of the stock sold and assigned to Archer, and the sum realized out of the property covered by the chattel mortgage, were applied as follows: In payment of such alleged overdraft, $608.75; in payment of the $656, note and interest, $707.57; the balance, $141.44, having been first applied on the note in suit, and afterwards, by agreement of parties, on the $330 note, as before stated. The defendant's testimony tends to show that his bank account was not overdrawn when he assigned the bank stock to Archer.

The instructions given by the court to the jury are stated in the opinion. Verdict for the defendant. A motion for a new trial was overruled, and judgment was entered for the defendant pursuant to the verdict. The plaintiff appeals from the judgment.

For the appellant there were separate briefs by *Ring & Youmans*, attorneys, and *Pinney & Sanborn*, of counsel, and the cause was argued orally by *Mr. Pinney*.

For the respondent there was a brief by *B. F. French*, attorney, and *R. J. MacBride*, of counsel, and oral argument by *Mr. MacBride*.

LYON, J. No instruction to the jury was asked or given concerning the alleged accord and satisfaction of defendant's indebtedness to the plaintiff bank, by the assignment of the twenty-seven shares of bank stock by the defendant to Archer; and it was not determined whether or not the testimony tended to show a valid accord and satisfaction. After the testimony was in, the subject seems to have been ignored by court and counsel. This omission was favor-

able to the plaintiff, because it eliminated from the case a very material ground of defense to the action. Counsel have argued the question whether there is any evidence in the record of a valid accord and satisfaction; but it is manifest that the question is not presented for determination by the plaintiff's appeal, and ought not to be determined here until it shall be ruled upon by the circuit court.

The learned circuit judge instructed the jury that the plaintiff was entitled to recover the amount of the note in suit, unless the evidence satisfied them that it had been paid. He then proceeded as follows: "This question seems to hinge mainly, and perhaps entirely, upon the question of whether the defendant had an overdrawn bank account at the time of this transaction. It would seem that if he had no overdrawn bank account at that time, then this note has been paid, but if there was in fact an overdrawn bank account, then it has not, so at least some part of it would remain unpaid, and that is the question for you to determine on all the evidence in the case."

This language must be regarded as equivalent to a positive instruction that if the defendant's bank account was not then overdrawn, the note in suit was paid. The jury had a right so to understand it, and probably did so understand it. The instruction is clearly erroneous. If such account was not overdrawn, the amount applied to pay the alleged overdraft — $608.75 — should have been applied upon the note in suit. But it would not pay that note in full. There would still remain an unpaid balance of over $400 due thereon, which the plaintiff was entitled to recover.

For this error the judgment of the circuit court must be reversed, and the cause will be remanded for a new trial.

*By the Court.*— Ordered accordingly.